**LOUISE WILLIAMS FARRIS, joined by her husband, JOHN E. FARRIS, SR., v. W. M. BRAMLETTE.**

6 So. (2nd) 374                                    Division B

February 17, 1942

Hugh L. McArthur and Neil C. McMullen for plaintiff in error.

L. M. Turner and H. M. Hampton for defendant in error.

THOMAS, J.:

The action in the circuit court resulting in a judgment for the defendant was based on a promissory note with no unusual characteristics. To the declaration a plea was filed containing the assertion that there was no consideration for the execution of the note because of the fatal defects in the contract for deed for which it was exchanged.

The deficiencies of the agreement pointed out in the plea were: (1) the failure of the husband to join in the contract to sell property acquired by the wife after their marriage; (2) the absence of formal acknowledgment; (3) the lack of limitation of the time for performance; (4) the non-delivery of a deed or possession; and (5) want of mutuality in obligation and remedy.

So far as the record discloses no attack was made upon either of the pleadings and in these circumstances we will not undertake to determine their sufficiency.

At the outset of the trial the plaintiff offered in evidence the promissory note described in the declaration, showed the payment of four hundred dollars subsequent to its execution, and established the delivery of the note to her attorney for collection, to none of which there was objection on the part of the defendant. The plaintiff then rested, whereupon the defendant asked the court for an instructed verdict on the ground that the plaintiff had failed to prove consideration for the note. The court indicated that the motion would be granted so the plaintiff requested that her case be re-opened that she might offer fur-

ther testimony. This was allowed and the plaintiff herself attempted to testify that the note was given in exchange for another one which had been made to her in payment for certain securities delivered to the defendant. Objection was offered on the ground that such testimony would be at variance with the issues formed and the court sustained this position.

The defendant offered no testimony and the plaintiff declining to take a non-suit judgment was entered against her.

The plea, regardless of its affirmative averments, was held by the court to put the burden of proof of consideration upon the plaintiff. This ruling is consistent with the former decisions of this court, but in its application to the facts of this case, as we shall point out, it placed the plaintiff in the rather awkward position of attempting by negative testimony to refute the defense and she was precluded from showing the original transaction in which the note was given because it differed from the one described in the plea. Inasmuch as no exception was taken to this holding of the trial judge so far as it fixed responsibility on the plaintiff to prove consideration and the plaintiff having conceded in her brief that to that extent the court's action was correct, we will not attempt to review or disturb the opinions which we have given on that matter.

We think, too, that the trial judge was studiously attempting to follow the general principles of pleading when he excluded the testimony of the plaintiff tending to show that the promissory note was received in a transaction different from the one detailed in the plea in the absence of a replication on the theory that under Common Law Rule Number 38 trial upon the

declaration and affirmative plea, without any answer to the latter, would amount to an issue on the truth or falsity of the allegations of the plea. Thus, in usual cases, if the plaintiff wishes to offer affirmative matter in answer to an affirmative plea and involving another transaction consistent with his position as the original pleader he must reply, this being the very purpose of a replication.

We cannot, however, in a case like this reconcile the rulings about the burden of proof and the exclusion of testimony because of the absence of a replication.

Although "every negotiable instrument is deemed prima facie to have been issued for a valuable consideration . . ." Section 6784, C.G.L., 1927 (Section 24 N.I.L.) the burden was plaintiffs', under the previous rulings of this Court, to establish the consideration. When she undertook to do so she should have been allowed to detail the transaction in which the note was given because whatever testimony was offered by her was not in rebuttal but was in support of the original pleading. When the case was reopened and the plaintiff was allowed to introduce further testimony anent the consideration she was doing so as a part of the main case and not in reply to anything given by the defendant in support of the plea.

In these circumstances we think it was error not to allow a full disclosure of the deal in which the promissory note was executed.

Reversed.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.